[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12037
Non-Argument Calendar
_____

D.C. Docket Nos. 1:08-cv-00239-SPM-GRJ,
1:05-cr-00047-SPM-GRJ-1


ALAN ELLIS GILLESPIE,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 5, 2013)

Before HULL, JORDAN and FAY, Circuit Judges.

PER CURIAM:

        Alan Ellis Gillespie, a federal prisoner, appeals through counsel the district

court's denial of his motion to vacate, set aside, or correct sentence, filed under 28

U.S.C. § 2255.  We granted a certificate of appealability ("COA") on the following issues:

> (1) Whether Gillespie's non-constitutional claim that he was improperly sentenced as an armed career criminal, pursuant to *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), was cognizable under 28 U.S.C. § 2255
>
> (2) Whether the district court erred when it concluded that Gillespie's prior Florida conviction for fleeing and attempting to elude a law enforcement officer, pursuant to Fla. Stat. § 316.1935(2), was a violent felony under the Armed Career Criminal Act ("ACCA")

We affirm.

## I.

Gillespie, a federal prisoner serving a 195-month sentence after pleading guilty to possession of a firearm and ammunition by a convicted felon, proceeding *pro se*, filed a § 2255 motion to vacate, set aside, or correct sentence.  In support, Gillespie alleged that he was erroneously sentenced as an armed career criminal under the ACCA because two of his prior convictions were not violent felonies in light of *Begay* and *Archer*.  Specifically, he challenged his prior convictions for carrying a concealed weapon and armed trespass.

After the government's response and Gillespie's reply, a magistrate judge ordered supplemental briefing by the parties regarding intervening decisions from this court concerning the ACCA, and whether Gillespie would still qualify as an

2

armed career criminal under the ACCA notwithstanding the challenged convictions.

Pursuant to the magistrate's order, the government submitted a supplemental response in which it waived non-retroactivity and procedural default as defenses, and indicated that, under *Archer*, Gillespie's prior conviction for carrying a concealed weapon does not operate to enhance his sentence as an armed career criminal. The government argued Gillespie's criminal history shows that he has been convicted of three or more felony offenses that qualify as violent felonies for purposes of the ACCA enhancement. Specifically, the government identified Gillespie's prior convictions for grand theft auto, armed trespass, shooting into a dwelling and a vehicle, and fleeing and attempting to elude a police officer. Thus, Gillespie's sentence was properly enhanced pursuant to the ACCA. Gillespie replied that the government could not rely on any of his other prior convictions to classify him as an armed career criminal.

The magistrate recommended that the district court deny Gillespie's § 2255 motion. He concluded Gillespie had three prior convictions that qualified as violent felonies under the ACCA: (1) shooting into a dwelling and a vehicle, (2) armed trespass, and (3) fleeing and attempting to elude an officer. Gillespie had conceded that two of these convictions—shooting into a dwelling and a vehicle and armed trespass—were violent felonies under the ACCA. *See Sykes v.*

*United States*, 564 U.S. __, __, 131 S.Ct. 2267, 2273, 180 L.Ed.2d 60 (2011) (holding fleeing police officers in a vehicle was a violent felony under the ACCA). Thus, Gillespie was not entitled to relief under § 2255 because he was sentenced properly as an armed career criminal.

Over Gillespie's objections, the district court adopted the magistrate's report and recommendation and denied Gillespie's § 2255 motion.

## II.

In reviewing a district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law *de novo*. *United States v. McKay*, 657 F.3d 1190, 1195 (11th Cir. 2011), *cert. denied*, 133 S.Ct. 112 (2012). The scope of review in a § 2255 appeal is limited to issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). We are bound by a prior panel opinion until the opinion's holding is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*. *Archer*, 531 F.3d at 1352.

Under the ACCA, a defendant qualifies for the mandatory minimum sentence of 15 years of imprisonment as an armed career criminal if he has at least 3 prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as any felony punishable by more than one year that

4

"has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(e)(2)(B)(i). A crime may qualify as a violent felony under the ACCA's residual clause if it "involves conduct that presents a serious potential risk of physical injury to another," and is roughly similar—in kind as well as in the degree of risk posed—to the enumerated offenses of burglary, arson, extortion, and crimes involving explosives. 18 U.S.C. § 924(e)(2)(B)(ii); *Begay*, 553 U.S. at 143-44, 128 S.Ct. at 1585-86.

Florida law provides that a person commits the third-degree felony of simple vehicle flight when he "willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated." Fla. Stat. § 316.1935(2); *United States v. Petite*, 703 F.3d 1290, 1292 (11th Cir.), *petition for cert. filed* (U.S. Jun. 13, 2013). Simple vehicle flight carries a maximum sentence of five years of imprisonment. Fla. Stat. § 775.082(3)(d); *Petite*, 703 F.3d at 1293. It is a lesser included offense of the next subsection of the Florida statute, which provides:

> (3) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding:

(a) Drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, commits a felony of the second degree. . .

(b) Drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, and causes serious bodily injury or death to another person, including any law enforcement officer involved in pursuing or otherwise attempting to effect a stop of the person's vehicle, commits a felony of the first degree. . .

Fla. Stat. § 316.1935(3); *Petite*, 703 F.3d at 1293. Aggravated vehicle flight carries a maximum sentence of either 15 or 30 years of imprisonment, depending on whether the offender causes serious bodily injury or death to another person. Fla. Stat. §§ 316.1935(3); 775.082(3)(b)-(c).

We initially held that a conviction under § 316.1935(2) was not a violent felony for purposes of enhanced sentencing under the ACCA. *United States v. Harrison*, 558 F.3d 1280, 1296 (11th Cir. 2009), *abrogated by Sykes*, 564 U.S. at ___, 131 S.Ct. at 2277, *as recognized in Petite*, 703 F.3d at 1299. However, the Supreme Court later examined a similar Indiana vehicle flight statute, Ind. Code § 35-44-3-3, and held that "[f]elony vehicle flight is a violent felony for purposes of ACCA." *Sykes*, 564 U.S. at ___, 131 S.Ct. at 2270-72, 2277. The Court held that the crime fell within the residual clause of § 924(e)(2)(B)(ii) because it categorically presents a serious potential risk of physical injury to another. *Id.* at ___, 131 S.Ct. at 2272. The risk is comparable to that posed by arson and burglary, the crime's closest analogs among the enumerated offenses. *Id* at ___, 131

6

S.Ct. at 2273.  When a person chooses to defy a law enforcement command by fleeing in a car, "the determination to elude capture makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense."  *Id.*  Thus, the risk of violence is inherent to vehicle flight, as the offense is initiated and terminated by confrontation with law enforcement, and the intervening pursuit creates a high risk of crashes.  *Id* at __, 131 S.Ct. at 2274.

Relevant to this appeal, the Court discussed the significance of the Indiana statute's differentiation between types of fleeing.  *Id* at __, 131 S.Ct. at 2276.  Sykes's offense, under subsection (b)(1)(A) of the Indiana statute, criminalizes flight in which the offender uses a vehicle, while subsection (b)(1)(B) criminalizes flight in which the offender "'operates a vehicle in a manner that creates a substantial risk of bodily injury to another person.'"  *Id.*  (quoting Ind. Code § 35-44-3-3(b)(1)(B)).  The Court rejected Sykes's argument that the statute was structured this way because the Indiana legislature "did not intend subsection (b)(1)(A)'s general prohibition on vehicle flight to encompass the particular class of vehicle flights that subsection (b)(1)(B) reaches."  *Id*.

In *Sykes*, the Supreme Court expressly stated that it was addressing a conflict among the circuits that included our opinion in *Harrison*, and then decided against *Harrison* and the other circuits that held that fleeing from a law enforcement officer in a vehicle does not constitute a violent felony.  *Id.* at __, 131 S.Ct.

7

at 2272, 2277.  In *Petite*, we held that a conviction under § 316.1935(2) constitutes a violent felony under the ACCA.  *Petite*, 703 F.3d at 1292, 1301.  We expressly stated that our prior holding in *Harrison*, that such a conviction was not a violent felony, had been "undermined to the point of abrogation" by *Sykes. Id.* at 1299.  We rejected Petite's argument that his case was distinguishable from *Sykes* because, unlike the Indiana statute at issue in *Sykes*, Florida has increased penalties for different levels of vehicle flight.  *Id.* at 1299-1301.  Although aggravated vehicle flight in violation of § 316.1935(3) presents a greater level of risk than simple vehicle flight under § 316.1935(2), we concluded both statutes criminalize the same basic conduct of intentional vehicle flight, which is an inherently risky offense.  *Id.* at 1300-01.

In light of our decision in *Petite*, Gillespie's argument—that his prior conviction for simple vehicle flight in violation of § 316.1935(2) does not qualify as a violent felony under the ACCA—is foreclosed on appeal.  *See Petite*, 703 F.3d at 1292, 1301; *Archer*, 531 F.3d at 1352.  Gillespie attempts to distinguish this case by arguing that § 316.1935(2), unlike the Indiana vehicle flight statute at issue in *Sykes*, provides for escalating degrees of punishment depending on whether the defendant created a risk of harm.  We squarely rejected that argument and concluded that each section of § 316.1935 criminalizes the same basic conduct of

8

intentional vehicle flight, which is an inherently risky offense. *See Petite*, 703 F.3d at 1299-1301.

Gillespie further suggests that his case is distinguishable because he was convicted under an earlier version of § 316.1935(2) than the one at issue in *Petite*. However, he does not explain how the two versions were materially different. Regardless, Gillespie does not suggest that the version of § 316.1935 under which he was convicted did not punish intentional vehicle flight, which we have held is an inherently risky offense that qualifies as a violent felony under the ACCA. *See id*. Because Gillespie's ACCA challenge is foreclosed by *Petite*, it is unnecessary for us to consider whether such a challenge is cognizable under § 2255. The government has waived the defenses of procedural default and non-retroactivity.

**AFFIRMED.**

9